**Glenda ROTH and Richard Whatley, Appellants,**

v.

**FFP OPERATING PARTNERS, L.P. d/b/a Drivers Travel Mart, Appellee.**

No. 07–98–0229–CV.

Court of Appeals of Texas, Amarillo.

March 24, 1999.

Rehearing Overruled May 19, 1999.

Mark Crampton, Holly Crampton, Austin, for appellants.

Donald H. Ray, Lane Ray Wilson Carr & Steves, Fort Worth, John Malesovas, Malesovas Martin & Tekell LLP, Waco, for appellee.

Before: QUINN and REAVIS and JOHNSON, JJ.

REAVIS, J.

Appellants Glenda Roth and Richard Whatley present this appeal from a summary judgment rendered upon appellee FFP Operating Partners, L.P. d/b/a Drivers Travel Mart's no-evidence motion. Ronnie Whatley, Roth and Whatley's son, was killed when the vehicle in which he was a passenger collided with a tractor/trailer truck after it exited a truck stop operated by Drivers Travel Mart. By nine issues, Roth and Whatley contend trial court error in granting summary judgment and in overruling their special exceptions to the no-evidence motion. These issues require that we determine (1) whether the motion for summary judgment complied with Rule 166a(i) of the Texas Rules of

Civil Procedure,[1] (2) whether a duty exists to the motoring public using the highway abutting the truck stop, and (3) whether Roth and Whatley presented evidence that raised a fact issue on the challenged elements of their cause of action. Based upon the rationale expressed herein, we affirm.

Drivers Travel Mart owned and operated a truck stop located on the north side of U.S. Highway 287,[2] a four lane divided highway east of Vernon. Because the highway does not have "controlled" or "direct" access, when vehicles exit the truck stop, they immediately enter the two northbound lanes. At about 11:45 p.m. on January 3, 1989, a truck exited the truck stop and proceeded in the northbound lane of Highway 287. The vehicle, in which Ronnie Whatley was a passenger and which was also proceeding in the northbound lane, struck the rear of the truck. Ronnie died as a result of his injuries and although the driver of the vehicle survived, he testified by deposition that he did not have any recollection of the events prior to the collision. Roth and Whatley allege that Drivers Travel Mart owed the deceased a duty to exercise reasonable care "not to endanger the safety of persons using the highway abutting" the truck stop, and alleged four specific grounds of omission or commission summarized as follows:

(1) Drivers Travel Mart failed to provide an entrance ramp to the highway for northbound trucks when exiting the truck stop, making it necessary for trucks to pull out across both lanes and then accelerate slowly in fast moving traffic lanes;

(2) Drivers Travel Mart operates a large bright message sign which distracts the attention of drivers and in reasonable probability, distracted the attention of the driver of the car;

(3) the bright message sign constitutes a hazard by interfering with night vision of drivers traveling west, and in reasonable probability, interfered with the driver's vision; and

(4) Drivers Travel Mart failed to provide a safe means of ingress and egress for the motoring public at the truck stop; and

that each act or omission, singularly or combined, constituted negligence which was a proximate cause of the accident.

Following the accident, the investigating state trooper listed driver's inattention and failure to control speed in the accident report as factors which may have contributed to the accident. Because the driver of the vehicle had no recollection of the events, the state trooper testified in response to counsel's question "whether [the driver] was looking ahead at the sign or looking at the truck stop," that "there is no way of knowing." Roth and Whatley's sign expert also acknowledged in his deposition that it was not possible to determine where the driver was looking prior to the accident.

### The "No–Evidence" Summary Judgment Motion

By their first seven issues, which we will consider simultaneously, Roth and Whatley contend the judgment must be reversed because (1) Drivers Travel Mart's second motion for summary judgment did not state the specific grounds relied upon as required by Rule 166a(c), (2) the trial court erred in overruling their special exceptions to the motion, (3) the motion did not comply with Rule 166a(i) because it did not state the elements on which there is no evidence and was fundamentally defective

1. All references to Rule 166a are to the Texas Rules of Civil Procedure.

2. U.S. Highway 287 is designated as either north or south. However, at the point of impact, it is oriented in an east-west direction. The investigating state trooper's accident report indicates the truck and the vehicle were proceeding west in the northbound lane.

as a matter of law, (4) Drivers Travel Mart's misidentification of the specific duty of which Roth and Whatley complain rendered any attempt to discuss no-evidence issues futile and fundamentally flawed, (5) the motion was not a true no-evidence motion because it amounted to conclusions, (6) the motion erroneously misplaced the burden and presumptions under traditional summary judgment analysis, and (7) to the extent that the motion is a traditional motion for summary judgment rather than a no-evidence motion, that it failed to carry the movant's burden of proof. We disagree.

■ Before addressing the applicable provisions of Rule 166a, we note that the elements of a common law action for negligence are: (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately resulting from the breach. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). The question of duty, which is the threshold inquiry, is a question of law for the court "to decide from the facts surrounding the occurrence in question." *Id.*

■ Rule 166a(i) entitled "No–Evidence Motion," provides that a party may move for summary judgment on the ground that there is no evidence of one or more *essential elements* of a claim or defense on which an adverse party would have the burden of proof at trial. The rule further provides that the motion "must state the elements as to which there is no evidence." In discussing the requirement that a motion for summary judgment must state the specific grounds of the motion, in *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex.1978), the court stated that the purpose of the rule is to "provide the opposing party with adequate information for opposing the motion, and to define the issues . . . ." The requirement of specificity is satisfied if the grounds in the motion give "fair notice" to the non-movant. *Pettitte v. SCI Corp.*, 893 S.W.2d 746, 747 (Tex.App.—Houston [1st Dist.] 1995,

no writ); *Dear v. City of Irving*, 902 S.W.2d 731, 734 (Tex.App.—Austin 1995, writ denied).

■ Drivers Travel Mart's second motion for summary judgment expressly stated that there was no evidence to establish the elements of the causes of action. By four numbered paragraphs, Drivers Travel Mart set forth and challenged each act or omission which Roth and Whatley contended constituted negligence proximately causing the accident. The motion separately raised no-evidence challenges on proximate cause as to each of the four allegations, and also raised a no duty challenge to Roth and Whatley's second allegation. By their special exceptions, Roth and Whatley contend the motion was "vague, unintelligible, unclear and ambiguous because . . ." Drivers Travel Mart did not state the motion was brought pursuant to subparagraph (i) of Rule 166a. The special exceptions also complained that paragraph III of the motion was a restatement of the first motion for summary judgment. Following their special exceptions to the motion, which were overruled, Roth and Whatley responded to the merits of the motion. Initially, in their response, they acknowledged the motion was a no-evidence motion and attempted to set forth evidence and argument to raise a fact question on the first, second, third and fourth allegations of negligence.

Neither subparagraphs (c) nor (i) of Rule 166a prescribe a particular form, style or outline for a no-evidence motion and do not require that a motion state that it is brought under subparagraph (i). While it may be good practice that a no-evidence motion specifically state, in the caption or elsewhere, that it is brought under subparagraph (i), where as here, the words "no-evidence" appear at least eight times in the four specific allegations, the motion is not defective for failing to expressly recite that it is brought pursuant to subparagraph (i). Also, considering that the response acknowledged the mo-

tion to be a no-evidence motion and that summary judgment proof and argument were presented as if subparagraph (i) was implicated, we hold the motion did provide Roth and Whatley with adequate information to oppose it, defined the issues, and was sufficient to give fair notice of the specific grounds.

 Moreover, by their special exceptions, Roth and Whatley did not challenge the motion as being deficient for failing to expressly state the specific grounds required by subparagraph (c), or for failing to state the elements on which there was no evidence as required by subparagraph (i). However, on appeal, they challenge the sufficiency of the motion under Rule 166a(c) and (i). Because these issues were not presented to the trial court in writing, they cannot be considered on appeal as grounds for reversal. *See* Tex.R.Civ.P. 166a(c); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 679 (Tex.1979). Therefore, we overrule issues one, two, three, four, five, six and seven.

Before considering issues eight and nine, we first set forth the applicable standard of review for a no-evidence summary judgment followed by a discussion of the evidence and facts surrounding the collision.

### No–Evidence Summary Judgment Standard of Review

 Where, as here, the summary judgment does not specify or state the grounds relied on, it will be affirmed on appeal if any of the grounds presented in the motion are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989); *Insurance Co. Of N. Am. v. Security Ins.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ). Where a motion is presented under Rule 166a(i) asserting there is no evidence of one or more essential elements of the non-movant's claims upon which the non-movant would have the burden of proof at trial, the movant does not bear the burden of establishing each element of its own claim or defense as under subpara-

graph (a) or (b). Rather, although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements. *See* Tex.R.Civ.P. 166a, Notes and Comments.

 Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex.App.— Austin 1998, no pet.). Thus, our task as an appellate court is to ascertain whether the non-movant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id.* We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *Merrell Dow Pharmaceuticals v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Fiesta Mart, Inc.*, 979 S.W.2d at 70–71. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner,* 953 S.W.2d at 711.

By issues eight and nine, Roth and Whatley contend the trial court erred in granting the summary judgment because they presented evidence that raised a fact issue as to each no-evidence complaint and presented evidence raising genuine issues of material fact precluding summary judgment. We disagree.

### Summary Judgment Evidence

Shortly before 11:45 p.m. on January 3, 1989, a truck exited the truck stop located on the north side of U.S. Highway 287,

east of Vernon, and while proceeding west in the northbound lane, was struck from the rear by a vehicle in which Ronnie Whatley was a passenger. As previously noted, because U.S. Highway 287 is not a "controlled" access highway, when vehicles exit the truck stop, they immediately enter northbound traffic lanes. Ingress and egress to the truck stop is by driveways located on both the east and west sides, but the record does not establish the distance from the driveways to the point of impact. According to the accident report, when the collision occurred, the truck was proceeding west in the right lane for northbound traffic. The diagram of the scene depicted on the report shows the point of impact as being west of the truck stop and near a crossover. The driver's inattention and his failure to control speed were listed on the report as factors contributing to the accident and the trooper testified by deposition that the weather was clear. He also testified he did not find any skid marks before the point of impact, although skid marks were used in reconstruction of the accident. The record does not contain any evidence to show whether the tail lights on the truck were operating before the accident and does not contain deposition testimony or an affidavit of the truck driver.

The accident report does not indicate the distance between the eastern driveway of the truck stop taken by the driver of the truck and the point of impact. Also, Roth and Whatley's expert, who estimated the distance traveled by the truck from the truck stop to the point of impact, based his calculations on the erroneous assumption that the truck exited from the western driveway of the truck stop when in fact the truck used the eastern driveway. The error was later acknowledged, but nothing in the record indicates that the distance was recalculated. Also, because the driver cannot recollect the accident, it is not possible to determine where he was looking prior to the collision. Although the trooper acknowledged he did not indicate alcohol as a factor contributing to the accident, he did testify that beer was found in the car and that the driver's blood alcohol concentration was .03 per cent.

According to the report of Roth and Whatley's expert, a "high intensity mercury lamp" was located about 600 feet east of the truck stop. However, in his opinion, this light would not have influenced the driver of the vehicle. In addition to the mercury lamp, a message sign, constructed on 40 foot high steel posts, was also located north of the highway, but the summary judgment evidence does not establish the location of the sign in proximity to the truck stop or the point of impact. However, by deposition, Roth and Whatley's sign expert indicated that five seconds before the collision, if the driver of the vehicle was looking toward the truck stop and message sign, he would have had to look back "at a sharp angle over his right shoulder." Thus, from the expert's testimony, we conclude that the driver of the vehicle had driven beyond the message sign prior to the point of impact.

As above noted, the elements of common law negligence are (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately resulting from the breach. *Phillips,* 801 S.W.2d at 525. Drivers Travel Mart's no-evidence motion specifically set forth the four allegations of negligence contained in Roth and Whatley's pleadings. By their response to the no-evidence motion, Roth and Whatley address in their first and fourth allegations, the design and safety of the driveways used for ingress and egress to the truck stop, and by their second and third grounds, they contend the message sign, which constituted a hazard, distracted the attention of the driver. Drivers Travel Mart challenged all four grounds contending there was no evidence of causation, but only challenged the element of duty on the second ground. Therefore, because duty was not raised on grounds one, three and four, and because our dispo-

sition is based on causation, we do not decide the duty element.

### Proximate Cause

 Proximate cause consists of two elements, cause in fact and foreseeability. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992). Cause in fact, which may be proven by circumstantial evidence, is established if the negligent conduct was a substantial factor in bringing about the injury, and without it harm would not have occurred. *Id.* The test for foreseeability is satisfied if a person of ordinary intelligence should have anticipated the danger caused by his negligent conduct. *Id.; see also Carter v. Steere Tank Lines, Inc.*, 835 S.W.2d 176, 186 (Tex.App.—Amarillo 1992, writ denied).

 A vital fact, essential to establishing legal elements for recovery may not be established by "piling inference upon inference ." *Schlumberger Well Sur. Corp. v. Nortex Oil & G. Corp.*, 435 S.W.2d 854, 858 (Tex.1968). When circumstances are consistent with either of two facts and nothing shows that one is more probable than the other, neither fact can be inferred. $56,700 In *U.S. Currency v. State*, 730 S.W.2d 659, 662 (Tex.1987); *Litton Indus. Prod., Inc. v. Gammage*, 668 S.W.2d 319, 324 (Tex. 1984).

In *Summers v. Fort Crockett Hotel, Ltd.*, 902 S.W.2d 20 (Tex.App.—Houston [1st Dist.] 1995, writ denied), which was decided before the adoption of subparagraph (i), the court affirmed summary judgment because there was no evidence of causation. In *Summers*, the plaintiff was severely injured when he fell from a hotel balcony. However, because of his injuries the plaintiff was unable to testify or provide summary judgment evidence as to why he fell, and there were no witnesses to the accident. The plaintiff's mother contended that because her son did not jump and was not pushed, that he must have fallen because of the design of the balcony railing. In affirming the hotel's contention that plaintiff's evidence of causation was based only on speculation, the court held:

> An ultimate fact may be established by circumstantial evidence, but the circumstances relied upon must have probative force sufficient to constitute a basis of legal inference. It is not enough that the facts raise a mere surmise or suspicion of the existence of the fact or permit a purely speculative conclusion. The circumstances relied on must be of such a character as to be reasonably satisfactory and convincing, and must not be equally consistent with the nonexistence of the ultimate fact.

*Id.* at 25.

 Here, the direct summary judgment evidence established that the vehicle struck the rear of the truck at approximately 11:45 p.m., and that the driver of the vehicle had no recollection of the occurrence. There is no evidence in this record by the truck driver regarding the collision. Also, the driver of the vehicle did not change lanes to pass the truck and there were no skid marks to indicate he applied the brakes. Thus, from the direct evidence, a reasonably probable inference is that the driver did not see the truck. However, regarding causation, other possible inferences include:

- the driver of the vehicle was looking ahead on the highway but did not see the truck because the truck lights were not on at the time of the collision or the truck lights were not operational; or
- the driver of the vehicle was not looking ahead on the highway because:
 - he was reaching for a beer;
 - he was looking at the truck stop to see if he knew anyone inside or out of curiosity;
 - the driver was distracted, i.e. spilling a drink, failure of oncoming traffic to dim headlights, or other traffic conditions;
 - the driver was drowsy or had fallen asleep at the wheel; or

• as Roth and Whatley contend, the driver's attention was distracted by the message sign.

Regarding grounds one and four, by which Roth and Whatley contend the driveways for ingress and egress for the motoring public were faulty and caused the accident, we note first, there was no evidence that when the truck exited the truck stop, it had to cross over into the inside lane to complete its entry onto the highway. Second, the record shows that at the point of impact, the truck was proceeding to the west in its proper lane when it was struck from the rear. Roth and Whatley further contend that because of the design of the driveways, the truck had to enter the highway slowly, then accelerate to highway speed. However, they failed to produce summary judgment evidence establishing the distance from the eastern driveway of the truck stop to the point of impact. The only contributing factors listed on the accident report were driver inattention and failure to control speed. There was no evidence presented to explain the driver's failure to avoid the collision by passing the truck in the passing lane. Because the driver was unable to give his account of the events prior to the collision, and the direct evidence shows that the truck had completely exited the truck stop and was in its proper lane at the time of the collision, Roth and Whatley's evidence on causation constituted an impermissible "piling inference upon inference," and was only speculative on the element of causation.

Moreover, Roth and Whatley failed to present evidence establishing "foreseeability," the second element of proximate cause. In *Carter*, 835 S.W.2d at 185, by a majority decision, this Court affirmed a summary judgment in favor of a landowner, in somewhat similar circumstances, where property abutted a highway. A Diamond Shamrock plant was located on the north and south sides of a two-lane highway. A truck was required to enter the north gate to be weighed and then proceed down the highway for a short distance and turn left across the highway to enter the south gate to be loaded with asphalt. Carter's vehicle collided with the truck when Carter attempted to pass it as it began turning left to enter the south gate. The plaintiffs claimed that the design of the plant was hazardous and a cause of the accident. However, by two concurring opinions, this Court held that the element of foreseeability was not met and that summary judgment for the landowner was proper. Therefore, we hold that Drivers Travel Mart's no-evidence causation challenge to grounds one and four was correct because Roth and Whatley failed to present any evidence raising a fact issue that Drivers Travel Mart should have reasonably foreseen the danger.

By their second and third allegations, Roth and Whatley contend the sign was a cause of the accident, but they did not present evidence sufficient to raise a fact issue that the sign caused the collision. Roth and Whatley's expert acknowledged that the mercury lamp located 600 feet east of the truck stop was not a contributing factor. Also, they did not produce any evidence regarding the location of the message sign in proximity to the truck stop or the point of impact, which was essential to their claim that it distracted the driver. Further, their expert testified that immediately prior to the collision, the driver would have had to look over his right shoulder to see the sign. Thus, because the evidence places the sign behind the vehicle five seconds prior to impact, it could not have caused the collision. The circumstances suggested by Roth and Whatley are no more probable than other inferences discussed above regarding causation. Because Roth and Whatley failed to present probative evidence establishing cause in fact and foreseeability, they did not raise a fact question that the message sign was a proximate cause of the collision. Considering the standard of review set forth above, we overrule issues eight and nine.

Accordingly, the judgment of the trial court is affirmed.