TOWERY V. PRINCESS

NO. 07-99-0421-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 31, 2000

______________________________

A.B. TOWERY, JR., RUSSELL L. TOWERY, AND LINDA J. HAGAN,

ADULT CHILDREN OF A.B. TOWERY, SR., DECEASED, APPELLANTS

V.

PARK-PRINCESS, INC., INDIVIDUALLY AND D/B/A

PRINCESS APARTMENTS, APPELLEE

_________________________________

FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;

NO. L-2,469; HONORABLE JOHN T. FORBIS, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In this proceeding, appellants A.B. Towery, Jr., Russell L. Towery, and Linda J. Hagan challenge a take-nothing summary judgment in favor of appellee Park-Princess, Inc., Individually and d/b/a Princess Apartments.  In one point of error, appellants contend the trial court erred in rendering its judgment.  Disagreeing, we affirm the judgment of the trial court. 

Rule of Civil Procedure 166a(i) allows parties to file a “no-evidence” summary judgment motion when there is no evidence of one or more essential elements of a claim or defense upon which an adverse party has the burden of proof.  Tex. R. Civ. P. 166a(i).  Because a no-evidence summary judgment is essentially the same as a pretrial directed verdict, we apply the same legal sufficiency standard to both.  
Roth v. FFP Operating Partners
, 994 S.W.2d 190, 195 (Tex.App.--Amarillo 1999, no pet. h.).  The proper inquiry is whether the non-movant produced any probative evidence to raise a material fact issue.  In answering this query, we consider all the evidence in the light most favorable to the party against whom the summary judgment was rendered and disregard all contrary evidence and inferences.  
Id.
  If the non-movant presents more than a scintilla of probative evidence to raise a genuine material fact issue, summary judgment should not have been granted.  
Id.

In appellee’s motion for summary judgment, it argues that it owed no duty to protect Towery inside his apartment, and that it was unforeseeable that Towery would be murdered.  In the alternative, appellee argues that Towery’s actions were an intervening cause, breaking the chain of liability to appellee.  In making our determination, then, as to whether appellants met their burden, we must consider whether they presented sufficient evidence to raise a question as to the issues of duty, foreseeability, and intervening cause.

A brief recounting of the facts underlying this appeal will first be necessary.  On November 13, 1996, A.B. Towery, Sr. was killed by Brittany Holberg in his apartment at the Princess Apartments.  The summary judgment evidence showed that at approximately 5:00 p.m. on that day, Holberg arrived by cab at the apartments, appearing disheveled and nervous.  She asked the apartment manager, Jaime Tietz, if she could use the office restroom.  Although Tietz allowed Holberg to do so, Tietz testified that she felt uncomfortable by Holberg’s presence and called for a maintenance worker to wait with her while Holberg was in the restroom.  However, Tietz averred in her deposition that she was not afraid of Holberg, but rather, wanted someone with her in case she had to ask Holberg to leave the complex. 

After Holberg left the restroom, she went out of the office by way of the enclosed courtyard.  Because she appeared to know where she was going, Tietz testified that she did not feel the need to ask Holberg of her whereabouts.  Tietz and the maintenance worker watched as Holberg crossed the courtyard and approached a gate outside of the courtyard.  Towery passed by on the other side of the gate, carrying a bag of groceries, and Tietz saw Holberg speaking to him in a friendly manner.  She then saw Towery motion towards his building’s entrance.  Holberg then walked into that building through the courtyard entrance.  After watching this, Tietz assumed that Holberg and Towery were acquainted and that Holberg was simply a visitor.

Approximately five minutes after Tietz saw Holberg enter Towery’s building, a cab driver entered her office and asked if she had seen a young woman.  Tietz replied that she had, and indicated where the woman had gone. The cab driver then left without attempting to find Holberg.  Being concerned that a commotion might arise between Holberg and the cab driver, Tietz walked around and through Towery’s building to make sure that no disturbance occurred.  She heard nothing suspicious, so she returned to her office.  Towery was found dead the next day in his apartment.

There are two negligence theories under which a premises owner can be held liable: 1) negligence arising from an activity on the premises, or 2) negligence arising from a premises defect.  
Clayton W. Williams Jr., Inc. v. Olivo
, 952 S.W.2d 523, 527 (Tex. 1997); 
Laurel v. Herschap
, 5 S.W.3d 799, 801 (Tex.App.--San Antonio 1999, no pet. h.)  Our supreme court has instructed that recovery on a negligent activity theory must be proven by an injury arising from an activity, or as a contemporaneous result of an activity.  
See Timberwalk Apartments, Partners, Inc. v. Cain
, 972 S.W.2d 749, 753 (Tex. 1998). The standard for determining liability in a negligent activity case is whether the defendant failed to do what a person of ordinary prudence would have done in the same or similar circumstances.  
Id.
  By contrast, a premises liability action is based upon an injury that arises from an unsafe condition on the premises and is essentially “the failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier knows about or in the exercise of ordinary care should have known about.”  
Id
. 

In their petition, appellants claimed that appellee was negligent in 1) failing to restrict access to the apartments, 2) failing to properly utilize security measures, 3) failing to properly train employees in security procedures, 4) failing to monitor and supervise third persons allowed to enter restricted areas, 5) permitting Holberg to access a secured area, 6) permitting Holberg to access Towery’s apartment, 7) having inadequate security on the day in question, and 8) failing to maintain a proper lookout for unauthorized third parties.  All of these claims, with the possible exception of claim 7, address what appellee either did or did not do in allowing individuals, specifically Holberg, to enter the Princess Apartments.

Although claim 7 comes nearest to alleging a premise liability claim, it still falls short because it does not describe the nature of the inadequate security.  For example, there is no claim of a broken gate, a broken lock, or of some unsafe condition on the premises which would give rise to a duty on the part of appellee to remedy.  Rather, a reasonable interpretation of the “inadequate security” claim is that the apartment employees who passively watched Holberg enter the courtyard and converse with Towery fell short of complying with a duty of furnishing proper security for the apartment residents.  This is, therefore, a “negligent security” case, which is not governed by premises liability principles.

It is hornbook law that common-law tort liability arises when the plaintiff can prove both the existence of a legal duty and a breach of that duty.  
Lefmark Management Co. v. Old
, 946 S.W.2d 52, 53 (Tex. 1997); 
Roth
, 994 S.W.2d at 194.  The determination of duty is a question of law for the court to decide from the facts surrounding the occurrence in question.  
Lefmark, 
946 S.W.2d at 53.

In advancing their negligence claim, appellants contend that appellee owed Towery a duty to protect him from Holberg.  They assert that appellee retained control over the common courtyard area and the building entrances and thus had a duty to ensure the safety of those areas. Citing 
Parker v. Highland Park, Inc.
, 565 S.W.2d 512, 514-15 (Tex. 1978), appellants note the general proposition that a landlord who retains control over premises used in common by different occupants of the property has a duty to keep those areas safe for the tenants and their guests.  Although appellants concede that landlords do not generally have a duty to protect tenants against third party criminal acts, they argue that landlords do have such a duty when they know of a foreseeable risk of harm to tenants and when they agree to make safe a known dangerous condition.  
See, e.g., Lefmark
, 946 S.W.2d at 54.
  
Finally, appellants assert that a duty of care arises when one negligently creates a dangerous condition.  
See Strakos v. Gehring
, 306 S.W.2d 782 (Tex. 1962); 
Lefmark
, 946 S.W.2d at 54. 

In response, appellee points out that there was no evidence of a forced entry into Towery’s apartment.  Rather, appellee contends, the evidence supports the proposition that an altercation occurred between Holberg and Towery in Towery’s apartment a significant period of time after Holberg arrived at the Princess Apartments.  We agree with appellee that the evidence leads to a conclusion that Towery voluntarily let Holberg into his apartment.  That conclusion is supported by the fact that Holberg and Towery had apparently engaged in a friendly conversation when Towery first saw her at the gate.  It is also significant that the groceries Towery was carrying when he saw Holberg were later found neatly put away in his kitchen.

The evidence also supports a conclusion that Holberg was inside Towery’s apartment for quite some time before she murdered him.  This conclusion is based upon the deposition of April and Reva Carter.  Reva is April’s 7-year-old daughter and the two were at Towery’s apartment when Holberg arrived at the scene.  Reva testified that she was throwing sticks outside of Towery’s apartment window when Towery spoke sharply to her and asked her to stop.  April verified that Towery spoke to her daughter that afternoon after the time that Holberg was seen entering the apartment building.  April and Reva left the complex immediately after Towery spoke with Reva, at approximately 5:35 p.m., over half an hour after Holberg was seen entering Towery’s building.  This evidence indicates that the danger of harm actually arose inside Towery’s apartment rather than in the common areas controlled by appellee.  Appellee contends that it had no control over the apartment and, therefore, owed no duty to keep Towery safe while he was inside of the apartment.

Ordinarily, one who is not in possession and control of property owes no duty to those who are injured on that property.  Indeed, our high court has noted that control of premises is a prerequisite to liability.  
City of Denton v. Page
, 701 S.W.2d 831, 835 (Tex. 1986).  In 
Page, 
however, the court pointed out two exceptions to that principle: 1) when one agrees to make safe a known dangerous condition, and 2) when one creates a dangerous condition.  
Id.  See also Strakos
, 360 S.W.2d at 787.

Under the evidence, although it is undisputed that appellee controlled the common areas of the property and had a corresponding duty to keep those premises safe, the danger and injury here did not occur in those common areas.  Rather, Towery was murdered inside his own apartment.  Thus, for appellee to owe a duty to Towery, it must have had either control over Towery’s apartment, have agreed to make safe a known dangerous condition, or have created a dangerous condition.  
Page
, 701 S.W.2d at 835.

In 
De Leon v. Creely
, 972 S.W.2d 808, 813 (Tex.App.--Corpus Christi 1998, no writ), the court held that when a tenant has exclusive possession of an apartment as against the owner, and the lease grants a very limited right of entry, the tenant retains actual control over the apartment.  In this case, the lease was similar to the one discussed in 
De Leon,
 in that it provided Towery the exclusive possession of the apartment, subject only to a very limited right of entry on the part of appellee.  That being so, appellee did not owe a duty to protect Towery while in his own apartment unless it expressly agreed to protect Towery from known dangerous conditions or unless it created a dangerous condition which led to his murder.  
See Page
, 701 S.W.2d at 835.

The summary judgment evidence is that appellee made no such broad agreement to protect its tenants from dangerous conditions.  The testimony of the apartment manager was uncontroverted that the Princess Apartments provided no form of security other than locks and peepholes on the tenants’ doors.  The lease agreement provided that security was the lessee’s responsibility.  There is no evidence of any agreement on the part of appellee to protect tenants against dangerous conditions.

Also under the evidence, it cannot fairly be said that appellee created the dangerous condition that led to Towery’s death.  The apartment employees that allowed Holberg to enter the common courtyard area watched her to ensure that she did not cause any trouble, but their concerns were allayed when they saw Towery approach her on the other side of the gate and speak to her in a friendly manner.  The evidence shows that Holberg was not visibly carrying any weapons nor did she behave toward the employees in a threatening way.

In sum, under the evidence, appellee did not owe Towery a duty to protect him from Holberg while the two were inside Towery’s apartment because appellee did not control the area, did not agree to protect Towery there and did not create the dangerous condition of Holberg entering Towery’s apartment.

When, as in this case, the summary judgment does not specify or state the grounds upon which it is based, the judgment will be affirmed if any of the grounds presented in the motion are meritorious.  
Carr v. Brasher
, 776 S.W.2d 567, 569 (Tex. 1989); 
Kimber v. Sideris
, 8 S.W.3d 672, 675 (Tex.App.--Amarillo 1999, no pet. h.).  Appellee’s claim that, under the surrounding circumstances, it owed no duty to Towery is meritorious; thus, we need not address the remaining issues presented by appellants because they are unnecessary to the disposition of this case.  
See also Valley Shamrock, Inc, v. Vasquez,
 995 S.W.2d 302, 309 (Tex.App.--Corpus Christi 1999, n. pet. h.).

Accordingly, we must, and do, affirm the judgment of the trial court.  

John T. Boyd

 Chief Justice

Do not publish.