NO. 07-01-0125-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 14, 2001
_____

DARIO RENDON, Jr., JUAN RENDON, RUDY RENDON,
DANIEL RENDON, and RODNEY RENDON,

Appellants

v.

ROMAN CATHOLIC DIOCESE OF AMARILLO, MOST REVEREND LEROY T. MATTHIESEN, HIS PREDECESSORS AND SUCCESSORS, AS BISHOP OF THE ROMAN CATHOLIC DIOCESE OF AMARILLO; ROMAN CATHOLIC DIOCESE OF LUBBOCK; MOST REVEREND PLACIDO RODRIGUEZ, HIS PREDECESSORS AND SUCCESSORS, AS BISHOP OF THE ROMAN CATHOLIC DIOCESE OF LUBBOCK, AND ARCHBISHOP MICHAEL J. SHEEHAN, PRESENTLY ARCHBISHOP OF THE DIOCESE OF SANTA FE, NEW MEXICO, AND FORMERLY THE BISHOP OF THE ROMAN CATHOLIC DIOCESE OF LUBBOCK

Appellees
_____

FROM THE 286th DISTRICT COURT OF HOCKLEY COUNTY;

NO. 95-06-16181A; HON. ANDY KUPPER, PRESIDING
_____

BEFORE, BOYD, C.J., QUINN, AND REAVIS, J.J.

Dario Rendon, Jr., Juan Rendon, Rudy Rendon, Daniel Rendon, and Rodney Rendon (the Rendon children) appeal from a final summary judgment granted in favor of the Roman Catholic Diocese of Amarillo, the Roman Catholic Diocese of Lubbock, Most

Reverend Leroy T. Matthiesen, Bishop of the Roman Catholic Diocese of Amarillo and his predecessors and successors, Most Reverend Placido Rodriquez, Bishop of the Roman Catholic Diocese of Lubbock, and his predecessors and successors, and Michael J. Sheehan, Archbishop of the Diocese of Santa Fe, New Mexico and formerly the Bishop of the Roman Catholic Diocese of Lubbock (collectively referred to as the Church). They contend, through four issues, that the trial court erred in granting the judgment. We disagree and affirm same.

### *Background*

The dispute concerns the sexual assault of Father Howell, a Roman Catholic priest, upon the Rendon children, who were minors and Catholic parishioners at the time. According to the summary judgment evidence, the assaults occurred in the late 1970's and early 1980's. In the Fall of 1986, the father of the boys, Dario Rendon Sr.,(Rendon Sr.) informed Bishop Sheehan, then bishop of the Roman Catholic Diocese of Lubbock, of the acts. Bishop Sheehan informed Rendon Sr. that he would "take action to take care of the matter." The record does not disclose whether the two individuals ever broached the topic again. However, in 1995, suit was filed against the Church and the estate of Father Howell because they believed that Bishop Sheehan failed to "take action" as represented. The Church moved for summary judgment, alleging, among other things, that limitations had long since passed. The trial court granted the motion without specifying the particular ground upon which it acted.[1]

---

[1]The trial court severed the allegations against the Church from those levied against the Estate of Father Howell.

### *Standard of Review*

The standard by which we review summary judgments is well-known and need not be repeated. Instead, we simply refer the parties to Rule 166a of the Texas Rules of Civil Procedure, *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910 (Tex. 1997) and *Nixon v. Mr. Property Management Co. Inc.*, 690 S.W.2d 546 (Tex. 1985) (involving the standard generally applicable to summary judgments).

*Limitations — Estoppel*

The Rendon children did not dispute that limitations would have run on each of their causes of action unless their claims were preserved through some theory of law. The theory asserted below and urged on appeal is estoppel. Simply put, they contend that misrepresentations uttered by Bishop Sheehan, while Bishop of the Lubbock Diocese, induced them to forego suit. Those misrepresentations consisted of the Bishop supposedly informing Rendon, Sr. that "the Church would take care of the Boys, protect the other children from Father Howell, and that legal action would be unnecessary." None of the affidavits executed by the Rendon children and tendered to the trial court as summary judgment evidence illustrate that the Rendon children heard the purported misrepresentations said to their father or that they were present when the utterances were made. Furthermore, that portion of the Rendon Sr. affidavit supposedly evincing the misrepresentations consists of the italicized passages in the following quotation:

> In the fall of 1986, I [Rendon Sr.] discussed with Bishop Sheehan the revelations that Father Rodney Howell had sexually abused some of my sons while he served as a servant of the Diocese of Amarillo, under the direction of Bishop Matthiesen, and the Diocese of Lubbock. *He told me*

4

*that he* *would take action to take care of the matter.*
Because I trusted the Roman

> Catholic Church and its Bishops, I believed that Bishop Sheehan would take the necessary actions and that no legal action on my part would be necessary.

(Emphasis added).

It is beyond dispute that estoppel may be invoked to defeat a claim of limitations. Furthermore, it may be invoked in two ways. For instance, a potential defendant's concealment of facts from a plaintiff which facts are necessary for the plaintiff to know to pursue a cause of action may prove fatal to the defense of limitations. *Leonard v. Eskew*, 731 S.W.2d 124, 128 (Tex. App.--Austin 1987, writ ref'd. n.r.e.). So too may one defeat a limitations defense by establishing that the defendant engaged in conduct that induced the plaintiff to forego a timely suit regarding a cause of action that the plaintiff knew existed. *Id.* It is the latter means which the Rendon children pursued at bar. That is, they assert that Bishop Sheehan induced them to delay suit. That being the tact pursued, to succeed, the Rendon children must have presented some evidence illustrating that those sued utilized words or conduct to induce them into delaying suit beyond the time permitted by statute, unmixed with any want of diligence on their part. *Palais Royal, Inc. v. Gunnells*, 976 S.W.2d 837, 849 (Tex. App.--Houston [1st Dist.] 1998, pet. dism'd. by agr.); *Leonard v. Eskew*, 731 S.W.2d at 129. Implicit in this test are the requirements that the plaintiffs knew they had a cause of action, that the cause of action had accrued at the time the inducement occurred, and that their initial and continued reliance upon the original inducement was reasonable. *Leonard v. Eskew*, 731 S.W.2d at 129. As explained in *Leonard*, a plaintiff must not have "'blindly relied upon a situation as being what it seemed rather than as being what it in reality was.'" *Id.*, *quoting*, *Neal v. Pickett*, 280 S.W. 748

6

(Tex. Comm. App. 1926, jdgmt adopted). Moreover, the conduct or words undertaken by the prospective defendant must "amount[] to an affirmative inducement to delay bringing the action." *Ladd v. Knowles*, 505 S.W.2d 662, 669 (Tex. App.--Amarillo 1974, writ ref'd. n.r.e.).

In applying the foregoing law to the summary judgment at bar, we turn to the affidavit executed by Rendon Sr. wherein the latter allegedly reiterates the words of Bishop Sheehan. Upon doing so, we immediately see that *Bishop Sheehan* said nothing about the Church "protect[ing] the other children from Father Howell, and that legal action would be unnecessary." In suggesting otherwise, the Rendon children were mistaken. Rather, it is Rendon Sr. who says that he (Rendon Sr.) "believed that Bishop Sheehan would take the necessary actions and that no legal action on my part would be necessary." More importantly, all that Bishop Sheehan uttered, according to the affidavit was that he (the bishop) "would take action to take care of the matter."

The nature of the action that Bishop Sheehan purportedly intended to take went unmentioned. Similarly unmentioned is any statement suggesting, much less illustrating, that the two discussed the possibility of the Rendons initiating suit against anyone or that the "legal action" which Rendon Sr. concluded was unnecessary involved a civil suit or a criminal complaint. Nor did Rendon Sr. state that he informed Bishop Sheehan that he thought the Rendon children or any other member of the Rendon family sought or needed redress of any kind because of the alleged assault. Again, Rendon Sr. simply stated that he revealed to the bishop that Father Howell had sexually abused some of the Rendon children.

Again, we required, in *Ladd*, that the conduct or words allegedly heard by the plaintiff evince "affirmative inducement to delay bringing [an] action." Without evidence that anything more than the mere disclosure of criminal conduct occurred between Rendon Sr. and Bishop Sheehan, without reference to a discussion about a claim, suit, redress or compensation of any kind, we lack sufficient evidentiary foundation from which to reasonably infer that a promise to "take action" comprised inducement to delay initiation of a *civil suit*. *See Roth v. FFP Operating Partners*, 994 S.W.2d 190, 197 (Tex. App.–Amarillo 1999, pet. denied) (stating that a vital fact may not be deduced by inferring from inferences). To paraphrase *Leonard* and *Neal*, we must view the evidence not "'as being what it seemed rather than as being what it in reality was.'" Here, in reality, the record fell short of containing any evidence illustrating the presence of each element of estoppel. Accordingly, at least one viable ground for summary judgment appears of record and prevents us from holding that the trial court erred.

We affirm the summary judgment executed below.

Brian Quinn
Justice

Publish.

8