Affirmed and Opinion filed August 22, 2002









Affirmed and Opinion filed August 22, 2002.

 

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00202-CV

____________

 

KASHIF BROTHERS, INCORPORATED, d/b/a
GULF PALM FOOD MART, and QAMAR UL HAQ, Appellants

 

V.

 

DIAMOND SHAMROCK REFINING &
MARKETING COMPANY, d/b/a DIAMOND SHAMROCK, and ULTRAMAR DIAMOND SHAMROCK
CORPORATION, Appellees

 



 

On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 98-23941

 



 

O P I N I O N

Appellants, Kashif Brothers, Incorporated, d/b/a Gulf Palm
Food Mart (Kashif Bros.), and Qamar Ul Haq (Haq), appeal an order granting
summary judgment in favor of appellees, Diamond Shamrock Refining &
Marketing Company (Diamond Shamrock), and Ultramar Diamond Shamrock Corporation
(Ultramar).  We affirm.








I.  FACTUAL AND
PROCEDURAL BACKGROUND

In July 1994, Kashif Bros. entered into a contract with
Colorado County Oil Company (“CCOC”), jobber for appellees, whereby CCOC agreed
to sell and Kashif Bros. agreed to buy certain Diamond Shamrock brand
products.  CCOC had previously entered
into a contract with Diamond Shamrock obligating CCOC to purchase a minimum
quantity of Diamond Shamrock fuel and other products, and use Diamond Shamrock
trademarks and trade names at its places of business and the outlets to which
it supplied products.  This contract
included a provision which stated that it was a sales contract and not a
contract of agency.  In January 1995,
CCOC entered into another contract with Diamond Shamrock, agreeing to “construct
and install, or cause to be so constructed or installed,” the specified
improvements at Gulf Palms Food Mart [owned by Kashif Bros.], and purchase from
Diamond Shamrock a minimum quantity of fuel products. 

In December 1995, appellees acquired several Stop >N Go stores.  One of the stores they acquired is across the
street from appellants= store.  Appellees put
Diamond Shamrock signs on the gasoline pumps, advertised that they accepted
Diamond Shamrock credit cards, and sold gasoline at a lower price than Kashif
Bros.  CCOC sent appellees a letter
requesting they cease this conduct. 
Appellees eventually stopped accepting Diamond Shamrock credit cards,
but continued to lower its gasoline prices to $0.08 below appellants= cost to buy gasoline under its
contract with CCOC.  








Appellants sued appellees and CCOC asserting causes of action
for (1) fraud, (2) breach of contract, (3) breach of implied in fact promise
and contract, (4) breach of fiduciary duty, (5) tortious interference[1]
with an existing contract and a prospective contract, (6) breach of covenant of
good faith and fair dealing, (7) negligence, (8) violation of Texas Deceptive
Trade Practices Act (“DTPA”), and (9) intentional infliction of emotional
distress.  Appellants settled with CCOC
and dismissed their causes of action against it.  Appellees filed a motion for summary judgment
asserting appellants had no evidence regarding at least one element of each
cause of action they asserted.  The trial
court granted appellees= motion and this appeal ensued.  

Appellants have abandoned the following claims by not raising
them on appeal:[2]

(1)  breach of implied contract; 

(2)  breach of fiduciary duty; and

(3)  negligence.

In five points of error, appellants assert they have produced more than a
scintilla of evidence regarding each element of the following causes of action:

(4)  fraud; 

(5)  breach of
contract; 

(6)  tortious
interference with an existing contract, and a prospective contract; 

(7)  DTPA; and 

(8)  intentional
infliction of emotional distress.

II.  STANDARD OF REVIEW

The standard of review for a no‑evidence motion for
summary judgment is well settled.  Rule
166a(i) provides: 

After adequate time for discovery, a party without
presenting summary judgment evidence may move for summary judgment on the
ground that there is no evidence of one or more essential elements of a claim
or defense on which an adverse party would have the burden of proof at trial.
The motion must state the elements as to which there is no evidence. The court
must grant the motion unless the respondent produces summary judgment evidence
raising a genuine issue of material fact. 








Tex. R. Civ. P. 166a(i).  When
a motion is presented under Rule 166a(i) asserting there is no evidence of one
or more essential elements of the non-movant=s claims upon which the non-movant
would have the burden of proof at trial, the movant does not bear the burden of
establishing each element of its own claim or defense.  General Mills Restaurants v. Texas Wings,
Inc., 12 S.W.3d 827, 832 (Tex. App.CDallas 2000, no pet.); Lampasas v.
Spring Ctr., Inc., 988 S.W.2d 428, 432B33 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  Rather, the burden shifts to the
non-movant to present enough evidence to be entitled to a trial, i.e., evidence
that raises a genuine fact issue on the challenged elements.  Tex.
R. Civ. P. 166a cmt.  If the
non-movant is unable to provide enough evidence to satisfy this burden, the
trial judge must grant the motion.  General
Mills, 12 S.W.3d at 832; Lampasas, 988 S.W.2d at 433.








Because a no‑evidence summary judgment is essentially a
pretrial directed verdict, we apply the same legal sufficiency standard in
reviewing a no‑evidence summary judgment as we apply in reviewing a
directed verdict.  General Mills,
12 S.W.3d at 832B33; Roth v. FFP Operating Partners, L.P., 994 S.W.2d
190, 195 (Tex. App.CAmarillo 1999, pet. denied); Jackson v. Fiesta Mart, Inc.,
979 S.W.2d 68, 70 (Tex. App.CAustin 1998, no pet.). Thus, our task as an appellate court
is to determine whether the non-movant produced any evidence of probative force
to raise a fact issue on the material questions presented.  General Mills, 12 S.W.3d at 833; Roth,
994 S.W.2d at 195; Jackson, 979 S.W.2d at 70.  We consider all the evidence in the light
most favorable to the party against whom the no‑evidence summary judgment
was rendered, and every reasonable inference deducible from the evidence is to
be indulged in that party=s favor.  Merrell
Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); General
Mills, 12 S.W.3d at 833.  A no‑evidence
summary judgment is improperly granted if the non-movant presents more than a
scintilla of probative evidence to raise a genuine issue of material fact. General
Mills, 12 S.W.3d at 833.  More than a
scintilla of evidence exists when the evidence “rises to a level that would
enable reasonable and fair‑minded people to differ in their conclusions.”
 Merrell Dow, 953 S.W.2d at 711.

III.  SUMMARY JUDGMENT
EVIDENCE

In ruling on a motion for summary judgment, a court may
consider only evidence that has been referenced or set forth in a motion or
response.  Tex. R. Civ. P. 166a(c); Wilson v. Burford, 904 S.W.2d
628, 628B29 (Tex. 1995).  References to evidence must be specific; a
general reference to a voluminous record that does not direct the trial court
to the evidence relied upon is insufficient. 
Rogers v. Ricane Enterprises, Inc., 772 S.W.2d 76, 81 (Tex.1989)
(summary judgment motion referred trial court to all material “on file”); Guthrie
v. Suiter, 934 S.W.2d 820, 825B26 (Tex. App.CHouston [1st Dist.] 1996, no writ)
.  When presenting summary judgment
evidence, “[a] party must expressly and specifically identify the supporting
evidence on file which it seeks to have considered by the trial court.”  Boeker v. Syptak, 916 S.W.2d 59, 61
(Tex. App.CHouston [1st Dist.] 1996, no
writ).  Attaching entire depositions to a
motion for summary judgment or a response thereto, and referencing them only
generally, Adoes not relieve the party=s burden of pointing out to the trial
court where in the evidence the issues set forth in the motion or response are
raised.@ Guthrie, 934 S.W.2d at
826.  It is not the duty of the trial
court to sift through voluminous attachments to discover potential fact
issues.  Id.  Similarly, it is not the duty of this court
to sift through a massive record in search of a fact issue in order to overturn
a summary judgment.  Paull v. Capital
Res. Mgmt., Inc., 987 S.W.2d 214, 220B21 (Tex. App.CAustin 1999, pet. denied). 

A trial court does not abuse its discretion when it does not
consider summary judgment proof to which a movant does not specifically direct
the trial court=s attention.  Guthrie,
934 S.W.2d at 826.  Rule 166a(i)
specifically states that “[t]he motion must state the elements as to which
there is no evidence.”  Tex. R. Civ. P. 166a(i).  In the response, the non-movant must produce
evidence that raises a genuine issue of fact on the disputed element.  If the non-movant does not, Rule 166a(i)
clearly states that the motion “must be granted.”  Id.  









IV.  APPELLANTS= FAILURE TO MEET THEIR 166a(i) BURDEN

In their motion for summary judgment, appellees allege there
is no evidence of at least one element of each of appellants= causes of action.  It was appellants= burden to  present enough evidence to establish their
entitlement to a trial.  Tex. R. Civ. P. 166a cmt.  With regard to the following causes of action
and elements, we hold appellants did not meet their burden of presenting more
than a scintilla of evidence or of pointing out to the trial court where in the
summary judgment evidence the issues are raised:

(1)       fraudBmateriality, falsity;

(2)       tortious interference with contractBwillful, intentional interference with existing
contract; 

(3)       tortious
interference with prospective contractBmalicious
interference; 

(4)       DTPABconsumer status; and 

(5)       intentional infliction of emotional distressCdefendant acted intentionally or recklessly, the
conduct was extreme and outrageous, and caused severe emotional distress.  

Accordingly, the trial court did not abuse its discretion in granting
appellees= motion for summary judgment
regarding these causes of action.  We
overrule appellants= first, third, fourth, and fifth points of error.  Appellants sole remaining cause of action is
breach of contract.

V.  BREACH OF CONTRACT

In their petition, appellants assert a breach of contract
claim, alleging appellees failed to (1) abide by the terms of the Incentive
Agreement, (2) deal in good faith, (3) observe reasonable commercial standards
of fair dealing, and (4) adhere to the requirements of the Texas Business and
Commerce Code.[3]  








In order to sustain a cause of action based on breach of
contract, a plaintiff must prove the following: (1) the existence of a
contract; (2) creation of duties under the contract; (3) the breach of one of
those duties; and (4) damages.  Snyder
v. Eanes Indep. School Dist., 860 S.W.2d 692, 695 (Tex. App.CAustin 1993, writ denied).  In its motion for summary judgment, appellees
assert appellants have no evidence that a contract existed between them. In
their response to appellants= motion, appellees argue (1) there was an agreement by
conduct, (2) there was an oral contract, (3) appellees should be estopped from
claiming no contract exists, (4) appellees ratified the contract, and (5) appellants
were third party beneficiaries to the contract between CCOC and appellees.  

1.         Agreement by
Conduct

In their response to appellees= motion for summary judgment,
appellants claim the contract between CCOC and appellees was a “sham contract”
because appellees knew appellants were the “true parties” to the contract.  Indeed, they argued appellants and appellees
acted as if they were the true contracting parties, not CCOC and
appellants.  Appellants= response regarding the “sham
contract” was deficient in two ways. 
First, appellants cited no authority in support of their “sham contract”
theory.  Tex. R. App. P. 38.1 (stating that an appellate brief must
contain appropriate citations to authority and to the record).  Second,
appellants neglected to specifically direct the trial court to summary judgment
evidence that supports their theory of a contract between appellants and
appellees based on conduct.  See Tex. R. Civ. P. 166a cmt.

2.         Oral Contract

In their response to appellees= motion for summary judgment,
appellants assert they had an oral contract with appellees.  At oral argument, however, appellants
conceded that this theory of recovery was without merit because of the
operation of the statute of frauds. 








3.         Ratification

In their response to appellees= motion for summary judgment,
appellants assert appellees “ratified the actions of [CCOC and appellants] and
accepted [appellants] as the true contracting parties.”  However, appellants again neglected to point
the trial court to any summary judgment evidence.  See Tex.
R. Civ. P. 166a cmt.

4.         Third Party
Beneficiaries

Finally, in response to appellees= motion for summary judgment,
appellants assert they were third party beneficiaries under the contract
between CCOC and appellants. However, in
their live pleadings, appellants had not pleaded a right of recovery for breach
of contract based on third party beneficiary status.  In order to be successful, defendant, as
movant for summary judgment, is only required to defeat plaintiff=s case as pleaded.  Smithkline Beecham Corp. v. Doe, 903
S.W.2d 347, 355 (Tex. 1995) (observing that pleadings must give notice of claims
asserted) (citations omitted).  Because appellants= live pleadings did not provide
notice of their claim to recover as third party beneficiaries, appellants
cannot defeat summary judgment by alleging it in their response.  

Furthermore, appellants did not meet their burden by
specifically pointing the trial court to evidence in the record that would
support this factual assertion.  It was
appellants= burden to produce enough evidence to
establish their entitlement to a trial.  See
Tex. R. Civ. P. 166a cmt.  Because appellants did not direct the trial
court=s attention to specific summary
judgment proof of their third party beneficiary status, the trial court did not
abuse its discretion in granting appellees= motion.  We overrule 
appellants= second point of error.








VI.  CONCLUSION

We affirm the judgment of the trial court granting appellees= motion for summary judgment.

 

/s/        John S.
Anderson

Justice

 

 

Judgment rendered and Opinion filed August 22, 2002.

Panel consists of Chief Justice Brister and Justices Anderson and Frost.

Do Not Publish C Tex. R. App. P.
47.3(b).

 

 











[1]  In addition to
stating a claim for tortious interference with a contract, appellants
separately pleaded a claim for intentional interference with a prospective
economic advantage.  However, appellants
concede in their response to appellees= motion
for summary judgment that Ainterference with a contract is tortious only if it is
intentional.@  Thus, a claim
for tortious interference with a contract is a claim for intentional
interference with a contract. 
Accordingly, although these claims were separately stated in appellants= amended original petition, we will address them as
one.





[2]  Appellants= counsel conceded during oral argument these three
claims were waived on appeal.





[3]  In their
petition appellants also stated a separate claim for breach of the covenant of
good faith and fair dealing.  Because
this claim is subsumed in their breach of contract cause of action, we will not
address it separately.