NO. 07-06-0073-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 17, 2007

_____


DENNIS BRYAN, APPELLANT

V.

KURT J. SHERICK, M.D., APPELLEE


_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B10509-03-10; HONORABLE ED SELF, JUDGE

_____


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


**OPINION**


Appellant, Dennis Bryan, appeals from the granting of a no-evidence motion for summary judgment in favor of appellee, Kurt Sherick, M.D. By one issue, Bryan contends that summary judgment was improper because there was more than a scintilla of evidence on the issue of causation of Bryan's injuries. We affirm.

## Background

This is a medical malpractice lawsuit wherein Bryan claims that Sherick's failure to properly advise him regarding treatment for a high pressure hydraulic puncture injury to his finger resulted in the amputation of the finger. Bryan was injured while working on farm equipment near Tulia, Texas. Upon sustaining the injury, he was taken to Swisher County Memorial Hospital and subsequently directed to see Sherick at the Tulia Rural Clinic next door. The parties disagree about what was said at the clinic, however, that disagreement is not germane to this appeal. However, Sherick examined Bryan's injury briefly in the hallway of the clinic. The parties agree that, following the meeting with Sherick, Bryan returned home and applied heat to his hand. Later that day, Bryan's hand began to swell and became more painful so he sought additional medical treatment at a hospital in Amarillo. As a result of the puncture injury, Bryan eventually had to have the finger partially amputated. Bryan's contention is that the failure of Sherick to properly examine, diagnose, and treat his injury resulted in the amputation to his finger.

After a proper amount of time for discovery, Sherick filed a motion for summary judgment claiming Bryan could produce no evidence of causation between Sherick's alleged acts of negligence and the damages suffered by Bryan. Bryan filed a response. The trial court granted the no-evidence motion for summary judgment on the ground that there was no evidence from a qualified witness that any breach of the standard of care by Sherick proximately caused the partial amputation of Bryan's finger. Bryan filed a motion for new trial that was overruled by operation of law, and this appeal followed.

2

**Standard of Review**

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment that we apply in reviewing a directed verdict. See Aguirre v. S. Tex. Blood & Tissue Ctr, 2 S.W.3d 454, 456 (Tex.App.–San Antonio 1999, pet. denied); Roth v. FFP Operating Partners, L.P., 994 S.W.2d 190, 195 (Tex.App.–Amarillo 1999, pet. denied). When reviewing a no-evidence summary judgment, we must determine whether the non-movant produced any evidence of probative force to raise a fact issue on the element challenged by the movant. See Roth, 994 S.W.2d at 195. In deciding whether there is a material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. Montgomery v. Kennedy, 669 S.W.2d 309, 311 (Tex. 1984). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor. Id. A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact as to the element on which the motion is based. Roth, 994 S.W.2d at 195. More than a scintilla of evidence is found when the evidence is enough to allow reasonable and fair-minded people to differ in their conclusions. Forbes, Inc. v. Granada Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003).

**Analysis**

In this medical malpractice case, Bryan must prove: (1) a duty requiring Sherick to conform to a certain standard of conduct; (2) the applicable standard of care and its

breach; (3) resulting injury; and (4) a causal connection between the alleged breach of the standard of care and the alleged injury. Blan v. Ali, 7 S.W.3d 741, 744 (Tex.App.–Houston [14th Dist.] 1999, no writ). To meet these requirements, Bryan was required to produce expert testimony to establish the causal connection between the injury Bryan suffered and Sherick's alleged breach of the applicable standard of care. Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 876 (Tex. 2001). To provide evidence of the causal connection required in a medical malpractice case, the expert witness must be qualified by knowledge, skill, experience, training, or education to testify about the examination, diagnosis, and treatment of Bryan's finger, how that action fell below the standard of care, and how this breach caused the injury complained of. See Tex. R. Evid. 702.

Bryan submitted the deposition testimony of Ronald Jacoby, M.D., to support his allegation of injury resulting from Sherick's breach of the standard of care. Jacoby is an emergency room physician, but his curriculum vitae indicates no specific surgical training nor does he have any experience in treating high pressure injection injuries. Jacoby opined that the failure of Sherick to immediately refer Bryan to a surgeon proximately caused the amputation of the finger. Jacoby testified that delay in treating a high pressure injection injury can lead to the complications of necrosis and gangrene of the affected area and that this is what happened in Bryan's situation. However, upon deposition cross-examination, Jacoby testified that he could not say that Bryan would not have required an equal amount of amputation even if he had been immediately referred to a surgeon. The trial court ruled that there was no evidence from a qualified witness that any breach of the

4

standard of care by Sherick proximately caused the amputation suffered by Bryan. Having reviewed the summary judgment evidence, we agree with the trial court that there is no evidence from a qualified expert that any breach of the standard of care by Sherick proximately caused the amputation suffered by Bryan. <u>Palacios</u>, 46 S.W.3d at 876.

## Conclusion

The judgment of the trial court granting Sherick's no-evidence motion for summary judgment is affirmed.

Mackey K. Hancock
Justice