NO. 07-04-0012-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 23, 2005

_____

WILLIE RAY SHULTS, APPELLANT

v.

BAPTIST ST. ANTHONY'S HOSPITAL CORPORATION AND
BAPTIST ST. ANTHONY'S HEALTH SYSTEM, APPELLEES

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 89,998-B; HON. JOHN B. BOARD, PRESIDING

_____

Before QUINN, C.J., REAVIS, J. and BOYD, S.J.[1]

**Opinion**

In this appeal, appellant Willie Ray Shults (Shults) challenges a take-nothing summary judgment in favor of appellees, Baptist St. Anthony's Hospital Corporation and Baptist St. Anthony's Health System (collectively BSA). In challenging the judgment, Shults presents ten issues for our determination. In those issues, Shults contends the trial court

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

erred in entering its summary judgment because: 1) BSA failed to prove its affirmative defense of limitations as a matter of law, and 2) Schults' evidence was sufficient to show fact issues regarding the necessary elements of his healthcare liability claims. Disagreeing that reversal is required, we affirm the judgment of the trial court.

Background

Shults, who suffers from diabetes, was admitted to BSA Hospital for a surgical procedure on his right leg. In preparation for this surgical procedure, he was directed to take a shower. After taking the shower, and while returning to his bed, Shults noticed a trail of blood leading from the restroom to the bed. He contends that this injury occurred on April 28, 2000, the day he took the shower, and that it occurred when he stepped on a sharp paint chip on the bathroom floor. He informed a nurse that he had suffered an injury to his left foot. The nurse inspected the injury and placed a bandage on it. A few days later, the bandage was changed and Shults was discharged from the hospital. Later, after Shults's discharge, the cut to his left foot became infected requiring extensive treatment and, ultimately, surgical intervention.

On June 25, 2002, Shults filed suit, alleging that BSA had been negligent in failing to: 1) provide a reasonably safe shower, 2) inspect the shower, 3) adequately supervise the renovation of the shower, 4) properly diagnose and treat the cut to his left foot, 5) provide appropriate emergency treatment for the injury, 6) provide medical specialists to treat the injury, 7) provide accurate information to the hospital to which Shults was transferred, 8) document the medical care that was provided, 9) follow medical directives, and 10) provide appropriate follow-up treatment.

2

In its successful motion for summary judgment, BSA alleged that Shults's claims were not health care liability claims but were ordinary negligence or premises liability claims barred by limitations[2] or, in the alternative, that Shults had produced no evidence of one or more of the essential elements of a healthcare liability claim.

In this appeal, and in seeking reversal of the trial court judgment, Shults presents ten issues for our determination. The first five of those issues relate to BSA's summary judgment contention that Shults's claims are barred by limitations[3] and will be considered and addressed together. Shults's sixth through ninth issues relate to BSA'S summary judgment contention that he produced no evidence of the elements necessary to sustain a healthcare liability claim[4] and they will be addressed together. Finally, Shults's tenth issue is a general challenge to the trial court's grant of the summary judgment. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

## Limitations

As we have noted above, BSA contended that Shults's claims were not healthcare liability claims as that phrase is defined in the Texas Medical Liability and Insurance Improvement Act[5] and, therefore, are barred by limitations as a matter of law.

---

[2]*See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2002).

[3]*See* Tex. R. Civ. P. 166a(c).

[4]*See* Tex. R. Civ. P. 166a(i).

[5]Formerly article 4590i of the Texas Revised Civil Statutes. Act of May 5, 1995, 74th Leg., R.S., ch. 140, 1995 Tex. Gen. Laws 985-87 (repealed 2003) (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001-74.507 (Vernon 2005). Further references to subsections of article 4590i will be by reference to "section ___."

It is now axiomatic that we review a grant of summary judgment using the standards explicated in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985), *i.e.*, the movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, evidence favorable to the non-movant will be taken as true,[6] and all reasonable inferences from the evidence must be indulged in favor of the non-movant and any doubts resolved in its favor. When the movant is the defendant, the movant must disprove at least one of the elements of the non-movant's cause of action, or alternatively, the movant must prove each element of an affirmative defense. *Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex. 1995). The affirmative defense of limitations is an appropriate ground for summary judgment. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1999).

As applicable to the first three claims contained in Shults's petition, we conclude that BSA has affirmatively proven that these claims are not healthcare liability claims and that they are, therefore, barred by limitations. We agree with BSA'S characterization of Shults's claims as involving two distinct theories of recovery, one based upon premises liability and the other on medical negligence. Personal injury claims resulting from departures from accepted standards of safety may be included within the scope of article 4590i, but such departures must be inseparable parts of the rendition of medical services and the

_____

[6]The significance of whether Shults's claims constitute healthcare liability claims (based upon the undisputed evidence that Shults gave appropriate notice of healthcare liability claims under article 4590i) is the statute of limitations was tolled for 75 days on any such claim. *See* section 4.01(c). Therefore, Shults's claims were timely filed to the extent they asserted healthcare claims.

4

standards of safety within the health care industry to be covered by the Act. *Walden v. Jeffery*, 907 S.W.2d 446, 448 (Tex. 1995); *Buck v. Blum*, 130 S.W.3d 285, 291 (Tex. App.–Houston [14th Dist.] 2004, no pet.). We do not believe that the presence of a sharp paint chip in the shower of Shults's hospital room could be considered in any way an inseparable part of the medical services rendered to Shults. We must, therefore, conclude that BSA has established that Shults's claims relating to the shower are barred by limitations as a matter of law. We affirm that portion of the trial court's summary judgment that Shults take nothing under these three allegations.[7]

## No Evidence

As an alternative argument, in its summary judgment motion, BSA urged that Shults had not produced any evidence of the essential elements of a healthcare claim governed by article 4590i and, as a result, it was entitled to summary judgment under Rule of Civil Procedure 166a(i). As we stated above, we agree with BSA's characterization of Shults's claims as presenting both premises liability and medical negligence theories. Indeed, all theories presented by Shults, other than those above discussed, present claims that are properly classified as healthcare liability claims. *See Walden v. Jeffery*, 907 S.W.2d at 448; *Buck v. Blum*, 130 S.W.3d at 291.

After adequate time for discovery, a party may move for summary judgment as to all or any part of a lawsuit on the basis that there is no evidence of one or more essential

---

[7]We note that Shults attempts to present two issues in his appellate brief relating to "new and independent cause." However, he wholly fails to brief this issue or support it by citation to authority. We therefore deem those issues waived. *See Knie v. Piskun*, 23 S.W.3d 455, 460 (Tex. App.–Amarillo 2000. pet. denied); *Lewis v. Deaf Smith Electric Cooperative, Inc.*, 768 S.W.2d 511, 512-13 (Tex. App.–Amarillo 1989, no writ).

elements of a claim or defense upon which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(a), (b), & (i). In considering whether a judgment on that basis is justified, we view the evidence in a light most favorable to the party against whom a no-evidence judgment was rendered, disregarding all contrary evidence and inferences.[8] *See Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997); *Roth v. FFP Operating Partners, L.P.*, 994 S.W.2d 190, 195 (Tex. App.–Amarillo 1999, pet. denied). A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact as to the element upon which the motion is based. *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d at 711; *Roth v. FFP Operating Partners, L.P.*, 994 S.W.2d at 195. More than a scintilla of evidence exists when such evidence rises to a level that would enable reasonable and fair minded persons to differ in their conclusions. *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d at 711; *Roth v. FFP Operating Partners, L.P.*, 994 S.W.2d at 195.

In determining the no-evidence question, we look first to the two expert reports of Steven Davis, D.O., to see if they contain evidence that BSA's inadequate treatment caused Shults'sfoot infection.[9] In both of his reports, his emphasis is that BSA was

---

[8]Shults presented an issue contending that the trial court erred in granting summary judgment because it relied upon conclusory opinions favorable to BSA stated by Jan Willis, R.N. However, as review of a no-evidence summary judgment, both at the trial level and on appeal, is limited to evidence of causation viewed in a light most favorable to the non-movant, we cannot see that such a conclusory opinion contained in the affidavit could, or would, affect the propriety of the trial court's summary judgment.

[9]Shults challenges the sufficiency of BSA's motion by contending that it failed to specify the element of his action upon which no evidence was produced. However, we conclude that BSA's recitation in its motion that "[p]erhaps the most important evidence of the Plaintiff's failure to carry his burden of proof on the issue of causation . . ." was sufficient to identify causation as an element that was being challenged. *See Roth v. FFP Operating Partners, L.P.,* 994 S.W.2d at 195.

negligent in allowing the paint chip to be in the shower. However, that is evidence of a premises defect. To the extent that Davis addresses any medical negligence on BSA's part, he opines that the laceration to Shults's left foot "led to" or "subsequently developed" into the infection. Those statements do not address any inadequate treatment that might have caused Shults's infection. In his May 13, 2003 report, Davis opines that appropriately disinfecting and monitoring the wound would have lessened the chance of infection, but he does not opine that disinfection and monitoring would have prevented the infection. An expert's statement that the standard of care was breached and that, but for the breach, the claimant possibly would have had a better outcome is not sufficient. *See Bowie Mem. Hosp. v. Wright*, 79 S.W.3d 48, 53 (Tex. 2002). Thus, because the Davis reports fail to explain how the failure to disinfect or monitor the wound caused the infection, even when viewed in a light most favorable to Shults, they are too conclusory to constitute more than a scintilla of evidence of causation.

Further, the deposition testimony of Bryan Bullard, D.P.M., Shults's podiatrist, never addresses any causal connection between the nurses' treatment of the foot injury and the subsequently developed infection. Likewise, the testimony of Primitivo Cuellar fails to identify any causal connection between BSA's treatment and the infection.

Therefore, after reviewing all the record evidence, we find it insufficient to show more than a scintilla of evidence regarding causation. That being so, the trial court did not err in granting summary judgment as to Shults's claims of healthcare liability.

In summary, none of Shults's issues reveal reversible error. They are, therefore overruled, and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice