NO. 07-04-0360-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 23, 2006
_____

DONNA BASINGER AND DON BASINGER, APPELLANTS

V.

COVENANT MEDICAL CENTER LAKESIDE, APPELLEE
_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-512,209; HONORABLE MACKEY HANCOCK, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellants Donna and Don Basinger appeal from the take-nothing summary judgment granted appellee Covenant Health System, d/b/a/ Covenant Medical Center Lakeside in the Basingers' medical negligence action against Covenant. We affirm.

The Basingers' suit alleged that Covenant's nursing staff had failed to properly monitor and maintain a nasogastric tube inserted in Donna Basinger after colon surgery. According to the Basingers' pleadings, the failure of Covenant's nurses to meet the standard of care led to the aspiration of fluids from her stomach into her lungs, pneumonia,

and decreased pulmonary function. They alleged the resulting reduction of the oxygen level in her blood caused, among other conditions, impairment of her memory, and alleged she suffered psychological injuries from the emotional trauma of the events. Donna Basinger's husband Don asserted a claim for loss of consortium and related damages.

After discovery, Covenant filed a no-evidence motion for summary judgment contending the Basingers had no evidence to establish the causation element of their claim of medical negligence. Specifically, the motion argued there was no evidence to support the allegation on which the Basingers' suit was premised, that being the assertion that Donna's pneumonia was caused by an improperly functioning nasogastric tube. Covenant's motion also asserted there was no evidence to support the allegation that Donna's pneumonia caused a permanent or chronic reduction in her pulmonary function, or that the pneumonia caused any injury to her mental capacity. The Basingers' response to Covenant's motion contended the motion should be denied because it was conclusory, and because the deposition testimony of their experts provided evidence that Donna Basinger's injuries were proximately caused by the nurses' breach of their standard of care. After a hearing and after its review of the deposition testimony, the trial court rendered a judgment ordering that the Basingers take nothing against Covenant. The judgment recited the court's finding that the Basingers had failed to produce evidence that any act or omission of Covenant was the cause-in-fact or proximate cause of the alleged injuries. This appeal followed. The Basingers present four issues.

By their first issue, the Basingers renew their contention that Covenant's motion was conclusory. They argue the motion violated the mandate contained in the 1997 comment

2

to Rule of Civil Procedure 166a, that a no-evidence motion "must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) [of Rule 166a] does not authorize conclusory motions or general no-evidence challenges to an opponent's case." As noted, Covenant's motion identified the causation element of the Basingers' medical negligence claim as the element being challenged, and further specified the manner in which the evidence of causation was wanting. We find the motion met the requirements of Rule 166a(i). *See Shults v. Baptist St. Anthony's Hosp. Corp.*, 166 S.W.3d 502, 506 n. 9 (Tex.App.–Amarillo 2005, pet. denied); *Roth v. FFP Operating Partners, L.P.*, 994 S.W.2d 190, 194 (Tex.App.–Amarillo 1999, pet. denied) (both finding no-evidence motions sufficient).

The cases the Basingers cite, *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140 (Tex.App.–Houston [14th Dist.] 2000, pet. denied), and *Weaver v. Highlands Ins. Co.*, 4 S.W.3d 826 (Tex.App.–Houston [1st Dist.] 1999, no pet.), correctly state the requirements of Rule 166a, but are inapposite here. In *Specialty Retailers*, the plaintiff asserted several causes of action and the defendant's summary judgment motion failed to address all the causes of action asserted. The court of appeals found that summary judgment was improperly granted as to the causes of action not addressed by the motion. 29 S.W.3d at 147-48. The Basingers suit against Covenant is based only on medical negligence. The motion in *Weaver* was filed both under Rule 166a(c) and 166a(i). The court found it insufficient as a no-evidence motion because it did not specifically allege the nonmovant lacked evidence and did not challenge a particular element of the nonmovant's claim. 4 S.W.3d at 829 n. 2. Covenant's motion did both. The Basingers' first issue is overruled.

3

The Basingers' second and third issues argue they presented evidence sufficient to defeat the no-evidence motion, and their fourth issue generally contends the trial court erred in granting the motion.[1]  Each issue challenges the trial court's conclusion that the summary judgment evidence contained legally insufficient evidence of causation.  They may be addressed together.

Reviewing a no-evidence summary judgment, we apply the legal sufficiency standard applicable to the review of a directed verdict.  *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003).  We consider the evidence in the light most favorable to the nonmovant.  *Id*.  A no-evidence summary judgment is improperly granted if the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element.  *Id*. at 751.  More than a scintilla of evidence exists when the evidence rises to a level such that reasonable and fair-minded people could differ in their conclusions.  *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997); *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983); *Archer v. Warren*, 118 S.W.3d 779, 783 (Tex.App.–Amarillo 2003, no pet.).

As in other negligence cases, liability for medical negligence requires proof by a preponderance of the evidence that the allegedly negligent act or omission was a proximate cause of the harm alleged.  *Archer*, 118 S.W.3d at 782; *see Kramer v. Lewisville Mem'l Hosp.*, 858 S.W.2d 397, 400 (Tex. 1993). Proximate cause as an element of negligence consists of two components, cause in fact and foreseeability.  *Archer*, 118

---

[1]*See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (encouraging a general appellate point assigning error to the grant of a motion for summary judgment).

S.W.3d at 782. The cause in fact component asks whether the negligent act or omission was a substantial factor in bringing about the injury, without which the harm would not have occurred. *Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 511 (Tex. 1995). In a medical negligence case, proximate cause must be established to a reasonable medical probability. *Id; see Sisters of St. Joseph of Texas, Inc. v. Cheek*, 61 S.W.3d 32, 34 (Tex.App.–Amarillo 2001, pet. denied) (stating standard)*.* There is no dispute that expert medical testimony was required to demonstrate the causal connection between Covenant's nursing staff's claimed negligence and Donna Basinger's injuries. *Compare Schneider v. Haws*, 118 S.W.3d 886 (Tex.App.–Amarillo 2003, no pet.) (expert testimony not always required to establish causation), *with Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995) (expert testimony required to establish cause of frostbite injury).

To establish causation, the Basingers rely on the deposition testimony of Lisa DeHoyos Hogan, a registered nurse. They do not contend that Hogan has the qualifications necessary to render an opinion on the cause of Donna Basinger's pneumonia, to a reasonable medical probability. Hogan testified that she was not qualified to make a medical diagnosis, such as a diagnosis of pneumonia. She further acknowledged she was not qualified to opine that Basinger's pneumonia was caused by aspiration, or was caused by misplacement or malfunction of the nasogastric tube. Hogan testified, however, that nurses "can relate to" a medical diagnosis made by a physician that appears in the patient's chart. Summarizing her opinion concerning maintenance of the tube by the nursing staff, Hogan testified:

During [the colon surgery] a nasogastric tube was inserted. It was up to the nursing staff to maintain the function of that tube. It is within the standard of care to maintain the function of that tube. I did not find documentation to indicate that the tube function was maintained. I did find documentation in the [medical] record that the physicians believe she aspirated, likely due to the malfunction of her nasogastric tube.

Specifically, Hogan identified two locations in the medical record in which physicians made entries she found relevant to that question. She referred to a progress note made by Justin McCarthy, M.D., Donna's gastroenterologist, stating "apparently NG tube became blocked and malpositioned and patient aspirated." Considered in its context and considering McCarthy's limited role in Donna's postoperative care as reflected in the summary judgment record, we do not find McCarthy's statement to constitute his medical diagnosis or an expression of his opinion based on reasonable medical probability. *See Burroughs Wellcome*, 907 S.W.2d at 500 (evaluating context of statements in medical records and finding statements were not independent conclusions).

Hogan also pointed to a note made by Kenneth Terrell, M.D., a pulmonologist called in to assist with Donna's care when she developed difficulty breathing. Terrell's note contained the statement, "I think she probably aspirated."[2] Assuming, without deciding, that Terrell's brief notation properly can be viewed as an opinion resting in reasonable medical probability, *Burroughs Wellcome*, 907 S.W.2d at 500, the statement does not make reference to the nasogastric tube and, on this record, it is not reasonable to infer that he was attributing Donna's probable aspiration to any particular cause. Hogan

_____

[2] In both instances, the deposition record suggests, but does not clearly indicate, that the statements are quotes from the physician's notes.

acknowledged that postoperative patients often aspirate fluids for reasons other than a malfunctioning nasogastric tube.

Having reviewed the summary judgment evidence under the required standard, *King Ranch, Inc.*, 118 S.W.3d at 751, we agree with Covenant that the summary judgment record contains no expert medical opinion that Donna Basinger's pneumonia was caused by an improperly functioning nasogastric tube.

Further, on appeal the Basingers do not point to expert testimony establishing a causal connection, based on reasonable medical probability, between Donna's pneumonia and any impairment of her memory. In their response to Covenant's summary judgment motion in the trial court, the Basingers cited deposition testimony from Robert Packard, M.D., a neurologist who evaluated Donna several years after her hospitalization at Covenant. Packard testified, however, that he was not able to say, with reasonable medical probability, that Donna suffered any injury as a result of a lack of oxygen associated with her hospitalization at Covenant.[3]

---

[3] Packard indicated he thought it was "a possibility" that Donna suffered injury from a lack of oxygen to her brain. *See Parker v. Employers Mutual Liability Ins. Co. of Wis.*, 440 S.W.2d 43, 46 (Tex. 1969) (discussing the distinction between "probability" and "possibility" in the context of scientific testimony).

Agreeing with the trial court that the Basingers failed to produce evidence that an act or omission of Covenant was the proximate cause of the injuries alleged, we overrule the second, third and fourth points and affirm the trial court's judgment.


James T. Campbell
Justice