NO. 07-04-0360-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 23, 2006


 ______________________________



DONNA BASINGER AND DON BASINGER, APPELLANTS



V.



COVENANT MEDICAL CENTER LAKESIDE, APPELLEE


_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-512,209; HONORABLE MACKEY HANCOCK, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellants Donna and Don Basinger appeal from the take-nothing summary
judgment granted appellee Covenant Health System, d/b/a/ Covenant Medical Center
Lakeside in the Basingers' medical negligence action against Covenant. We affirm.

 The Basingers' suit alleged that Covenant's nursing staff had failed to properly
monitor and maintain a nasogastric tube inserted in Donna Basinger after colon surgery. 
According to the Basingers' pleadings, the failure of Covenant's nurses to meet the
standard of care led to the aspiration of fluids from her stomach into her lungs, pneumonia,
and decreased pulmonary function. They alleged the resulting reduction of the oxygen
level in her blood caused, among other conditions, impairment of her memory, and alleged
she suffered psychological injuries from the emotional trauma of the events. Donna
Basinger's husband Don asserted a claim for loss of consortium and related damages. 

 After discovery, Covenant filed a no-evidence motion for summary judgment
contending the Basingers had no evidence to establish the causation element of their claim
of medical negligence. Specifically, the motion argued there was no evidence to support
the allegation on which the Basingers' suit was premised, that being the assertion that
Donna's pneumonia was caused by an improperly functioning nasogastric tube. 
Covenant's motion also asserted there was no evidence to support the allegation that
Donna's pneumonia caused a permanent or chronic reduction in her pulmonary function,
or that the pneumonia caused any injury to her mental capacity. The Basingers' response
to Covenant's motion contended the motion should be denied because it was conclusory,
and because the deposition testimony of their experts provided evidence that Donna
Basinger's injuries were proximately caused by the nurses' breach of their standard of
care. After a hearing and after its review of the deposition testimony, the trial court
rendered a judgment ordering that the Basingers take nothing against Covenant. The
judgment recited the court's finding that the Basingers had failed to produce evidence that
any act or omission of Covenant was the cause-in-fact or proximate cause of the alleged
injuries. This appeal followed. The Basingers present four issues. 

 By their first issue, the Basingers renew their contention that Covenant's motion was
conclusory. They argue the motion violated the mandate contained in the 1997 comment
to Rule of Civil Procedure 166a, that a no-evidence motion "must be specific in challenging
the evidentiary support for an element of a claim or defense; paragraph (i) [of Rule 166a]
does not authorize conclusory motions or general no-evidence challenges to an opponent's
case." As noted, Covenant's motion identified the causation element of the Basingers'
medical negligence claim as the element being challenged, and further specified the
manner in which the evidence of causation was wanting. We find the motion met the
requirements of Rule 166a(i). See Shults v. Baptist St. Anthony's Hosp. Corp., 166 S.W.3d
502, 506 n. 9 (Tex.App.-Amarillo 2005, pet. denied); Roth v. FFP Operating Partners, L.P.,
994 S.W.2d 190, 194 (Tex.App.-Amarillo 1999, pet. denied) (both finding no-evidence
motions sufficient). 

 The cases the Basingers cite, Specialty Retailers, Inc. v. Fuqua, 29 S.W.3d 140
(Tex.App.-Houston [14th Dist.] 2000, pet. denied), and Weaver v. Highlands Ins. Co., 4
S.W.3d 826 (Tex.App.-Houston [1st Dist.] 1999, no pet.), correctly state the requirements
of Rule 166a, but are inapposite here. In Specialty Retailers, the plaintiff asserted several
causes of action and the defendant's summary judgment motion failed to address all the
causes of action asserted. The court of appeals found that summary judgment was
improperly granted as to the causes of action not addressed by the motion. 29 S.W.3d at
147-48. The Basingers suit against Covenant is based only on medical negligence. The
motion in Weaver was filed both under Rule 166a(c) and 166a(i). The court found it
insufficient as a no-evidence motion because it did not specifically allege the nonmovant
lacked evidence and did not challenge a particular element of the nonmovant's claim. 4
S.W.3d at 829 n. 2. Covenant's motion did both. The Basingers' first issue is overruled. 
 The Basingers' second and third issues argue they presented evidence sufficient
to defeat the no-evidence motion, and their fourth issue generally contends the trial court
erred in granting the motion. (1) Each issue challenges the trial court's conclusion that the
summary judgment evidence contained legally insufficient evidence of causation. They
may be addressed together.

 Reviewing a no-evidence summary judgment, we apply the legal sufficiency
standard applicable to the review of a directed verdict. King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 750-51 (Tex. 2003). We consider the evidence in the light most favorable to
the nonmovant. Id. A no-evidence summary judgment is improperly granted if the
nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue
of material fact on the challenged element. Id. at 751. More than a scintilla of evidence
exists when the evidence rises to a level such that reasonable and fair-minded people
could differ in their conclusions. Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706,
711 (Tex. 1997); Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983); Archer v.
Warren, 118 S.W.3d 779, 783 (Tex.App.-Amarillo 2003, no pet.).

 As in other negligence cases, liability for medical negligence requires proof by a
preponderance of the evidence that the allegedly negligent act or omission was a
proximate cause of the harm alleged. Archer, 118 S.W.3d at 782; see Kramer v. Lewisville
Mem'l Hosp., 858 S.W.2d 397, 400 (Tex. 1993). Proximate cause as an element of
negligence consists of two components, cause in fact and foreseeability. Archer, 118
S.W.3d at 782. The cause in fact component asks whether the negligent act or omission
was a substantial factor in bringing about the injury, without which the harm would not have
occurred. Park Place Hosp. v. Estate of Milo, 909 S.W.2d 508, 511 (Tex. 1995). In a
medical negligence case, proximate cause must be established to a reasonable medical
probability. Id; see Sisters of St. Joseph of Texas, Inc. v. Cheek, 61 S.W.3d 32, 34
(Tex.App.-Amarillo 2001, pet. denied) (stating standard). There is no dispute that expert
medical testimony was required to demonstrate the causal connection between Covenant's
nursing staff's claimed negligence and Donna Basinger's injuries. Compare Schneider v.
Haws, 118 S.W.3d 886 (Tex.App.-Amarillo 2003, no pet.) (expert testimony not always
required to establish causation), with Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497,
499 (Tex. 1995) (expert testimony required to establish cause of frostbite injury). 

 To establish causation, the Basingers rely on the deposition testimony of Lisa
DeHoyos Hogan, a registered nurse. They do not contend that Hogan has the
qualifications necessary to render an opinion on the cause of Donna Basinger's
pneumonia, to a reasonable medical probability. Hogan testified that she was not qualified
to make a medical diagnosis, such as a diagnosis of pneumonia. She further
acknowledged she was not qualified to opine that Basinger's pneumonia was caused by
aspiration, or was caused by misplacement or malfunction of the nasogastric tube. Hogan
testified, however, that nurses "can relate to" a medical diagnosis made by a physician that
appears in the patient's chart. Summarizing her opinion concerning maintenance of the
tube by the nursing staff, Hogan testified:

 During [the colon surgery] a nasogastric tube was inserted. It was up to the
nursing staff to maintain the function of that tube. It is within the standard of
care to maintain the function of that tube. I did not find documentation to
indicate that the tube function was maintained. I did find documentation in
the [medical] record that the physicians believe she aspirated, likely due to
the malfunction of her nasogastric tube.

 

 Specifically, Hogan identified two locations in the medical record in which physicians
made entries she found relevant to that question. She referred to a progress note made
by Justin McCarthy, M.D., Donna's gastroenterologist, stating "apparently NG tube became
blocked and malpositioned and patient aspirated." Considered in its context and
considering McCarthy's limited role in Donna's postoperative care as reflected in the
summary judgment record, we do not find McCarthy's statement to constitute his medical
diagnosis or an expression of his opinion based on reasonable medical probability. See
Burroughs Wellcome, 907 S.W.2d at 500 (evaluating context of statements in medical
records and finding statements were not independent conclusions). 

 Hogan also pointed to a note made by Kenneth Terrell, M.D., a pulmonologist called
in to assist with Donna's care when she developed difficulty breathing. Terrell's note
contained the statement, "I think she probably aspirated." (2) Assuming, without deciding,
that Terrell's brief notation properly can be viewed as an opinion resting in reasonable
medical probability, Burroughs Wellcome, 907 S.W.2d at 500, the statement does not
make reference to the nasogastric tube and, on this record, it is not reasonable to infer that
he was attributing Donna's probable aspiration to any particular cause. Hogan
acknowledged that postoperative patients often aspirate fluids for reasons other than a
malfunctioning nasogastric tube.

 Having reviewed the summary judgment evidence under the required standard, King
Ranch, Inc., 118 S.W.3d at 751, we agree with Covenant that the summary judgment
record contains no expert medical opinion that Donna Basinger's pneumonia was caused
by an improperly functioning nasogastric tube. 

 Further, on appeal the Basingers do not point to expert testimony establishing a
causal connection, based on reasonable medical probability, between Donna's pneumonia
and any impairment of her memory. In their response to Covenant's summary judgment
motion in the trial court, the Basingers cited deposition testimony from Robert Packard,
M.D., a neurologist who evaluated Donna several years after her hospitalization at
Covenant. Packard testified, however, that he was not able to say, with reasonable
medical probability, that Donna suffered any injury as a result of a lack of oxygen
associated with her hospitalization at Covenant. (3) 



 Agreeing with the trial court that the Basingers failed to produce evidence that an
act or omission of Covenant was the proximate cause of the injuries alleged, we overrule
the second, third and fourth points and affirm the trial court's judgment.


 James T. Campbell

 Justice











 
1. See Malooly Bros., Inc. v. Napier
, 461 S.W.2d 119, 121 (Tex. 1970) (encouraging
a general appellate point assigning error to the grant of a motion for summary judgment).
2. In both instances, the deposition record suggests, but does not clearly indicate,
that the statements are quotes from the physician's notes. 
3. Packard indicated he thought it was "a possibility" that Donna suffered injury from
a lack of oxygen to her brain. See Parker v. Employers Mutual Liability Ins. Co. of Wis.,
440 S.W.2d 43, 46 (Tex. 1969) (discussing the distinction between "probability" and
"possibility" in the context of scientific testimony).