NUMBER 13-06-191-CV
COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG


 

VALLEY BAPTIST MEDICAL CENTER, Appellant,

v.
 

MARGARET STRADLEY, Appellee.

 

On appeal from the 107th District Court of Cameron County, Texas.


 

OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza 


Opinion by Chief Justice Valdez



 Valley Baptist Medical Center ("VBMC"), appellant, brings an interlocutory appeal
from the trial court's denial of its motion to dismiss the underlying cause of action. Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (Vernon Supp. 2006). Margret Stradley,
appellee, has filed a motion asking this Court to dismiss the appeal for lack of jurisdiction. 
By four issues, VBMC asks us to determine whether: (1) Stradley's allegation that VBMC
was negligent in its safety practices alleges a departure from "accepted standards of
safety" such that she is making a health care liability claim and is required to provide an
expert report; (2) in light of the current definition of "health care liability claim" and the
Texas Supreme Court's Diversicare opinion, claims based on the safety practices of health
care providers must involve conduct that is "directly related to health care" or "an
inseparable part of the rendition of health care services" in order to be subject to the
medical liability chapter of the Texas Civil Practice and Remedies Code; (3) dismissal for
lack of an expert report is an affirmative defense; and (4) VBMC waived its right to seek
dismissal for lack of an expert report. We affirm the trial court's denial of VBMC's motion
to dismiss.

I. BACKGROUND

A. Factual Background

 The underlying cause of action stems from a fall Stradley had on a treadmill at
VBMC's Wellness Center, a fitness center located on the campus of Valley Baptist Medical
Center. At the time of the incident, Stradley was a 78 year-old retiree who was having
weight, hypertension, and mobility issues. Her primary care physician "prescribed"
exercise and referred Stradley to the Wellness Center. During one of her visits to the
center, Stradley attempted to use a treadmill. It is alleged that the treadmill unexpectedly
accelerated and when Stradley pulled the emergency stop cord, the treadmill did not stop. 
Stradley was allegedly thrown to the floor by the treadmill and injured her arm and
shoulder. 

B. Procedural Background

 Stradley brought a premises liability claim and negligence causes of action against
VBMC. (1) VBMC answered with a general denial of the allegations. It later filed a motion
to dismiss. VBMC's motion to dismiss claimed Stradley's cause of action was really a
health care liability claim, which is governed by the Texas Civil Practice and Remedies
Code requirement that an expert medical report be filed within 120 days of when the claim
was filed. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)(Vernon Supp. 2006). The trial
court denied VBMC's motion to dismiss, stating in its order that "the underlying nature of
this case is not a 'health care liability claim' [sic] as defined in Section 74.001 et. seq.
Texas Civil Practice and Remedies Code and therefore, Defendant's Motion to Dismiss
should be denied." VBMC brings this appeal under the interlocutory appeal statute. Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(9)(Vernon Supp. 2006) (providing that a person
may appeal from an interlocutory order of a district court, county court at law, or county
court that denies all or part of the relief sought by a motion under Section 74.351(b)). (2) 

II. DISCUSSION

A. Stradley's Motion to Dismiss the Appeal

 The characterization of a claim as a health care liability claim is a threshold question
in section 51.014 appeals. See, e.g., Valley Baptist Med. Ctr. v. Azua, No.
13-05-00488-CV, 2006 Tex. App. LEXIS 6659, *5 (Tex. App.-Corpus Christi July 27, 2004,
no pet.) (not designated for publication) ("Although section 51.014(a)(9) specifically
authorizes an interlocutory appeal of the denial of relief sought under section 74.351(b),
section 74.351 applies only to 'health care liability claims.' Therefore, we must first
determine if appellant's claim constitutes a health care liability claim."); see also Oak Park,
Inc. v. Harrison, No. 11-05-00298-CV, 2006 Tex. App. LEXIS 8096, *7 (Tex. App.-Eastland
July 27, 2004, no pet.) (not designated for publication). Therefore, Stradley's motion to
dismiss for lack of jurisdiction is denied.

B. Standard of Review 

 Generally, we review a trial court's order on a motion to dismiss under an abuse of
discretion standard. Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873,
877 (Tex. 2001). However, whether a claim is a health care liability claim pursuant to
section 74.351 is a question of law and is reviewed de novo. Buck v. Blum, 130 S.W.3d
285, 290 (Tex. App.-Houston [14th Dist.] 2004, no pet.); Ponce v. El Paso Healthcare
Sys., Ltd., 55 S.W.3d 34, 36 (Tex. App.-El Paso 2001, pet. denied); Gomez v. Matey, 55
S.W.3d 732, 735 & n.2 (Tex. App.-Corpus Christi 2001, no pet.). The dismissal order
states that "the underlying nature of this case is not a 'health care liability claim' [sic] as
defined in Section 74.001 et. seq. Texas Civil Practice and Remedies Code and therefore,
Defendant's Motion to Dismiss should be denied." We shall review the statutory
interpretation question presented by VBMC's motion to dismiss de novo. 

C. The Categorization of Safety Claims

 The first two issues are so interrelated and dispositive to this appeal that they will
be dealt with together. Through its second issue, VBMC contends that the trial court erred
in denying its motion to dismiss because all claims based on safety practices ("safety
claims") against a health care provider should be categorized as health care liability claims
under chapter 74's definition of a health care liability claim. VBMC contends every safety
claim against a health care provider or physician would be a health care liability claim if the
safety claim asserts departures from "accepted standards of safety." In essence, VBMC
urges us to read the definition of a health care liability claims as "a cause of action against
a health care provider or physician for treatment, lack of treatment, or other claimed
departure from accepted standards of medical care, or health care, or safety or
professional or administrative services directly related to health care . . . ." Tex. Civ. Prac.
& Rem. Code Ann. § 74.001 (13)(Vernon 2005) (emphasis added). It primarily relies upon
the holding in Diversicare to support its reading of chapter 74. See Diversicare Gen.
Partner, Inc. v. Rubio, 185 S.W.3d 842, 855 (Tex. 2005).

1. Safety Claims Under the MLIIA: The Diversicare Case

 The Texas Supreme Court recently dealt with how safety violation allegations could
be categorized as health care liability claims under the Medical Liability and Insurance
Improvement Act ("MLIIA"), chapter 74's precursor. Id. at 842. In Diversicare, Maria
Rubio, through her daughter as next friend, sued her nursing home for injuries that
occurred from two alleged falls and for alleged sexual assault against her by another
nursing home patient. Id. at 845. The sexual assaults allegedly took place nearly five and
a half years before suit was filed. Id. Diversicare moved for summary judgment on all of
Rubio's claims arising from the alleged sexual assaults, arguing that the MLIIA's two-year
statute of limitations barred recovery on the claims. Id. Rubio argued that because her
claims were not health care liability claims under the MLIIA, they were governed by the
general statute of limitations for personal injury claims, which tolls the statute of limitations
for mental incapacity. Tex. Civ. Prac. & Rem. Code Ann. §§ 16.001(b), 16.003 (Vernon ). 

 A majority of the Supreme Court held that Rubio's causes of action were health care
liability claims because the legislature meant to include all safety claims against health care
providers or physicians within the scope of the MLIIA. Diversicare Gen. Partner, Inc., 185
S.W.3d at 853. The relevant statute at the time read:

 a cause of action against a health care provider or physician for treatment,
lack of treatment, or other claimed departure from accepted standards of
medical care or health care or safety which proximately results in injury to or
death of the patient, whether the patient's claim or cause of action sounds
in tort or contract.


Former Tex. Rev. Civ. Stat. art. 4590i, § 1.03(a)(4) (emphasis added). (3) The Supreme
Court noted that, "[t]he Legislature's inclusion within the scope of the [MLIIA] of claims
based on breaches of accepted standards of "safety" expands the scope of the statute
beyond what it would be if it only covered medical and health care." Diversicare Gen.
Partner, Inc., 185 S.W.3d at 855. The majority reasoned that a nursing home's provision
of professional supervision, monitoring, and protection of the patient population necessarily
implicated the standards of safety under the MLIIA. Id. at 850-51. However, the majority's
opinion conceded that, "[t]here may be circumstances that give rise to premise liability
claims in a healthcare setting that may not be properly classified as health care liability
claims. . . ." Id. at 854.

2. Safety Claims Under Chapter 74

 The instant case is governed by chapter 74 of the Civil Practice and Remedies
Code, which contains different language than that used in the Diversicare case. A health
care liability claim under the current statute is defined as:

 [A] cause of action against a health care provider or physician for treatment,
lack of treatment, or other claimed departure from accepted standards of
medical care, or health care, or safety or professional or administrative
services directly related to health care, which proximately results in injury to
or death of a claimant, whether the claimant's claim or cause of action
sounds in tort or contract. 


Tex. Civ. Prac. & Rem. Code Ann. § 74.001(13) (Vernon 2005) (emphasis added). 
According to the Code Construction Act, "[w]ords and phrases shall be read in context and
construed according to the rules of grammar and common usage." Tex. Gov't Code Ann.
§ 311.011(a) (Vernon 2005). 

 The instant case is legally distinguishable from Diversicare because the statute in
question has been revised. The MLIIA broadly defined health care liability claims because
it not only included claims for treatment or lack of treatment, but it also included claims for
"other claimed departure from accepted standards of medical care or health care or safety.
. . ." former Tex. Rev. Civ. Stat. art. 4590i, § 1.03(a)(4). For, "the Legislature's inclusion
within the scope of the MLIIA of claims based on breaches of accepted standards of
'safety' expands the scope of the statute beyond what it would be if it only covered medical
and health care." Diversicare Gen. Partner, Inc., 185 S.W.3d at 854. We note that there
was no comma separating the phrases medical care, health care, or safety and that a
cause of action under the MLIIA must be one "which proximately results in injury to or
death of the patient." Id. 

 The current statute covers three types of claims: treatment, care, and peripheral
claims. Tex. Civ. Prac. & Rem. Code Ann. § 74.001(13). Claims involving treatment, lack
of treatment, medical care, or health care against a health care provider or physician that
proximately cause injury or death to a claimant are automatically categorized as health
care liability claims. Id. Claims involving "safety or professional or administrative services"
constitute the final type of possible health care liability claims contemplated by the statute.
Id. These peripheral claims are not separated by commas, they are only separated by the
disjunctive term "or," and therefore fall into the same class of claims. The phrase
appearing right after the peripheral claims is "directly related to health care." Both the
peripheral claims and the latter phrase are confined with each other by commas. Because
we are mindful of the rules of grammar when reading a statute, we find the peripheral
claims are tempered by the phrase "directly related to health care" because it appears
immediately after that class of claims. 

 Based upon a grammatically correct reading of the statute, we hold that a safety
claim can be categorized as a health care liability claim only when it is against a health
care provider or physician for a claimed departure from accepted standards of safety
directly related to health care. But see Diversicare Gen. Partner, Inc., 185 S.W.3d at 861
n.4 (Jefferson, C.J., concurring in part, dissenting in part, and concurring in judgment) (in
dicta the Chief Justice noted that, "[i]t is clear under the revised statute that claims for
'professional or administrative services' must be 'directly related to health care'; however,
there is no indication that claims involving 'safety' must also relate to health care."). 
Holding otherwise and finding all safety claims against health care providers or physicians
to be health care liability claims regardless of whether they directly relate to health care,
would be an arbitrary and legislatively unauthorized expansion of the health care liability
statute. 

3. Stradley's Claims

 Our final step in resolving VBMC's first two issues is to determine whether the
underlying nature of Stradley's claims are safety claims that directly relate to health care. 
Artful pleading cannot avoid the requirements of section 74.351 when the essence of the
suit is a health care liability claim. Diversicare Gen. Partner, Inc., 185 S.W.3d at 849 ("It
is well settled that a health care liability claim cannot be recast as another cause of action
to avoid the requirements of the MLIIA"); Garland Cmty. Hosp. v. Rose, 156 S.W.3d 541,
543 (Tex. 2004); MacGregor Med. Ass'n v. Campbell, 985 S.W.2d 38, 40 (Tex. 1998). To
determine whether a cause of action falls under chapter 74's definition of a health care
liability claim, we examine the claim's underlying nature. Id. (citing Sorokolit v. Rhodes,
889 S.W.2d 239, 242 (Tex. 1994)). One consideration in that determination may be
whether proving the claim would require the specialized knowledge of a medical expert. 
Garland Cmty. Hosp., 156 S.W.3d at 544 (citing Rogers v. Crossroads Nursing Serv., Inc.,
13 S.W.3d 417, 419 (Tex. App.-Corpus Christi 1999, no pet.)).

 Stradley's premises liability claim and negligence causes of action stem from an
accident she had while using a treadmill. They are personal injury claims of the most
pedestrian nature. A jury could understand the evidentiary issues and negligence
standards posed by Stradley's claims without the aid of a medical expert's report. See
Rogers, 13 S.W.3d at 419. Much has been made about Stradley's physician
recommending an exercise routine and how such a recommendation might recast
Stradley's claims into health care liability claims. The analogy is absurd. While exercise
has a salutary effect on one's health, in most situations a doctor's recommendation of
regular exercise is no more related to the rendition of health care than the automobile ride
one makes for a doctor's appointment. See, e.g., Shults v. Baptist St. Anthony's Hosp.
Corp., 166 S.W.3d 502, 505 (Tex. App.-Amarillo 2005, pet. denied) (holding that the
presence of a sharp paint chip in the shower of the plaintiff's hospital room could not be
considered in any way an inseparable part of the medical services rendered to the
plaintiff.). 

 Based upon the underlying nature of Stradley's claims, we hold that they do not
constitute health care liability claims under the statute. We overrule VBMC's first and
second issues.

III. CONCLUSION

 We affirm the trial court's order denying VBMC's motion to dismiss and remand the
cause to the trial court for further proceedings. Because of our disposition of the VBMC's
first and second issues, we need not address VBMC's third or fourth issues. See Tex. R.
App. P. 47.1.


 

 ROGELIO VALDEZ

 Chief Justice




Opinion delivered and filed 

this the day 30th day of November, 2006.

1. Stradley alleged that VBMC failed to (1) to adequately hire, train, and instruct its employees in the
safe operation of exercise machines, (2) adequately inspect, repair, or maintain the machines, (3) supervise
her use of the treadmill, and (4) warn her of the risks posed by the treadmill.
2. Section 74.351(b) of the Texas Civil Practice & Remedies Code reads, "If, as to a defendant
physician or health care provider, an expert report has not been served within the period specified by
Subsection (a), the court, on the motion of the affected physician or health care provider, shall subject to
Subsection (c), enter an order that . . .."
3. The legislature repealed the MLIIA, amended parts of the previous article 4590i, and recodified it
in 2003 as chapter 74 of the Texas Civil Practice and Remedies Code. Act of June 2, 2003, 78th Leg., R.S.,
ch. 204, 2003 Tex. Gen. Laws 847.